JONATHAN M. COK
COK KINZLER PLLP
P. O. Box 1105
Bozeman, Montana 59771-1105
Telephone: (800) 677-6263
jcok@cokkinzlerlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

\* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JESSICA U., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF MONTANA, <br><br> Defendant. | **6:08-CV-8000** <br> Hon. _____ <br><br><br> **ERISA COMPLAINT** |

### COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, JESSICA U., through her undersigned counsel, complains and alleges as follows:

**ERISA COMPLAINT**                                                                                   1

## JURISDICTION AND VENUE

1.      This action is brought under 29 U.S.C. §§1132(a), (c), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331, as this action involved a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2.      Jurisdiction is proper within the District of Montana pursuant to 29 U.S.C. § 1132(e)(2).  Venue is proper in the Helena Division as the Plan is administered in Lewis and Clark County, Montana.

## PARTIES

3.      Plaintiff Jessica U. ("Plaintiff" or "Jessica") is, and was at all times relevant, a resident of Bozeman, County of Gallatin, State of Montana.

4.      Plaintiff was, at all times relevant, a covered participant under an employee welfare benefit plan (the "Plan") regulated by ERISA.

5. Plaintiff is informed and believes that Healthcare Service Corporation d/b/a Blue Cross and Blue Shield of Montana ("Blue Cross") insured and administered the claims under the Plan.

6. Plaintiff is informed and believes that Defendant Blue Cross administered the claims under the Plan in Helena, Montana.  Blue Cross is authorized to transact and is transacting business in this judicial district in this judicial district.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

7. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

8. Jessica is an 18-year old young woman who has a history of mental illness, including anorexia nervosa.

9. On March 16, 2015, Jessica admitted to residential treatment at Avalon Hills Treatment Center ("Avalon Hills"), a treatment center specializing in patients with eating disorders.

10. At admission, Jessica was diagnosed with anorexia nervosa, generalized anxiety disorder, severe malnutrition, gastroparesis, and orthostatic hypotension. She also reported a diagnosis of collagenous gastritis which is a rare gastrointestinal disorder characterized in pediatrics by abdominal pain and severe anemia.  Jessica

presented with physical characteristics of anorexia, including lanugo hair on her stomach. She reported night sweats, constant nausea, and fatigue. Jessica appeared at admission with a feeding tube (i.e. J-tube or jejunostomy tube) in her abdomen. She also had a gastric pacemaker in her abdomen due to her gastroparesis.

11.    Blue Cross initially approved and paid for Jessica's residential treatment at Avalon Hills.

## Blue Cross Approved But Failed to Pay
## Dates of Service May 20, 2015 - June 5, 2015

12.    On November 5, 2015, Blue Cross wrote a letter approving benefits for Jessica's residential treatment through May 21, 2015. However, Blue Cross has not paid benefits for dates May 20 and 21, 2015.

13.    On May 22, 2015, Jessica transitioned to partial hospitalization treatment at Avalon Hills.

14.    Blue Cross approved Jessica's partial hospitalization from May 22, 2015 through June 5, 2015. However, Blue Cross failed to pay for these dates of service.

## Blue Cross Denied Benefits for Residential Treatment
## Dates of Service June 14, 2015 - September 10, 2015

15. On June 6, 2015 through June 13, 2015, Jessica was given a "home pass" from Avalon Hills to visit her family at home. Jessica returned to treatment at Avalon Hills on June 14, 2015 to a residential level of care.

16. On June 16, 2015, Avalon Hills provided a clinical update to Blue Cross. Jessica had struggled with a few meals on her home pass. She had a difficult time upon return to Avalon Hills and had self-harm urges. She self-harmed by creating a burn mark on her wrist. Avalon Hills placed her on quarter hour checks. She continued to have high self-harm urges and guilt for having given in to them.

17. On June 27, 2016, Avalon Hills reported to Blue Cross that Jessica required residential treatment because Jessica stated that she would use eating disorder behaviors or self-harm if she were not under ongoing monitoring. Blue Cross denied authorization for further residential treatment.

18. Jessica continued residential treatment at Avalon Hills and incurred the cost of treatment. Jessica discharged on September 10, 2015.

19. Avalon Hills timely submitted claims for Jessica's residential treatment for dates of service June 14, 2015 to September 10, 2015.

20. In a November 10, 2015 letter, Blue Cross denied Jessica's claims for residential treatment for dates of service on the basis that treatment was not medically necessary. Blue Cross wrote: "you did not require weight restoration. You were

noted to have a Body Mass Index within normal range. You were not purging. You were not abusing substances to control your weight. You were not a danger to yourself or others. You were compliant with your meal plan. You had a supportive family."

21.     On May 6, 2016, Jessica's attorney submitted a written appeal to Blue Cross. The appeal included treatment records and a letter explaining the medical necessity of Jessica's residential treatment. The treatment records demonstrate that Jessica was not safe to be treated in a less restrictive setting as she was not medically stable and she was not compliant with her meal plan, despite constant and direct supervision. Further, Jessica continued to need both a gastric pacer3 and a J-tube4. Jessica's records also show that she was a danger to herself, including she had engaged in self-mutilation shortly before June 14, 2015.

22.     On June 10, 2016, Blue Cross denied the appeal without addressing any of the specific information provided in Jessica's appeal.

## Blue Cross's Underpayment of Benefits

23.     Prior to Jessica's admission, Avalon Hills request that Blue Cross agree to a single case agreement ("SCA") which an agreement with Blue Cross to contract on a rate for one patient's case. On February 24, 2015, Avalon Hills spoke with Rodney at Blue Cross (reference no. 1-5836091138) who stated that he was unable

**ERISA COMPLAINT**                                                                                                          6

to locate an in-network eating disorder treatment facility within 50 miles of where the patient lived. Therefore, Rodney stated that Blue Cross offered a SCA.

24. In a subsequent telephone call, Tammy at Blue Cross responded that it would not agree to a SCA but it would allow Avalon Hills to be an in-network provider. Tammy asked Avalon Hills to call back when Jessica was admitted and she would put an agreement in place.

25. On the day of Jessica's admission, March 16, 2015, Avalon Hills called Tammy at Blue Cross and advised that Jessica was being admitted and reminded Tammy that the claims were to be paid as an in-network provider because there was not a provider within 50 miles of Jessica's home. Avalon Hills left voicemail messages for Tammy at Blue Cross on March 20, 23, and 30, 2015 regarding Avalon Hills' in-network status. Tammy did not return the phone calls.

26. On or about May 8, 2015, Avalon Hills spoke with Antwan G. at Blue Cross (reference no. 16047397271) who state that Blue Cross had made a mistake and a SCA should have been put in place and someone would be following up.

27. On July 1, 2015, Avalon Hills spoke with Angela at Blue Cross who stated that a SCA was approved on May 8, 2015.

28. Despite these promises, Blue Cross underpaid for Jessica's treatment and failed to pay for her treatment at an in-network or SCA rate.

29. The Plan wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

 a. Failure to pay medical benefit payments due to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

 b. Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

 c. After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims, along with an explanation of why such material is or was necessary; and

 d. Failure to pay for the level of care which was medically necessary; and

 e. Failure to properly and adequately investigate the merits of the claims and/or provide alternative courses of treatment.

30. Plaintiff is informed and believes and thereon alleges that the Plan wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff

is presently unaware, but which may be discovered in this litigation and of which Plaintiff will immediately make the Plan aware once said acts or omissions are discovered by Plaintiff.

31. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations on her part to be performed.

32. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred for the treatment, in a total sum to be proved at the time of trial.

33. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. §1132(g)(l), Plaintiff is entitled to have such fees and costs paid by Defendant.

34. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CLAIM FOR RELIEF

## FOR EQUITABLE RELIEF

35. Plaintiff refers to and incorporates by reference the foregoing paragraphs as though fully set forth herein.

36. As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. §1132(a)(l)(B) and/or (a)(3):

    a. Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

    b. A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan; and

    c. Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against BLUE CROSS AND BLUE SHIELD OF MONTANA as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Plaintiff further requests that the Court order Defendant to provide to Plaintiff with a bound copy of the administrative record consecutively paginated.

DATED this 12th day of January, 2018.

/s/ Jonathan M. Cok
Jonathan M. Cok
COK KINZLER PLLP

Attorneys for Plaintiff